J Christopher Jorgensen (SBN 5382)
E-mail:  cjorgensen@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV  89169
Tel: 702.949.8200
Fax: 702.949.8398

*Attorneys for Defendant*
*New Penn Financial, LLC dba*
*Shellpoint Mortgage Servicing*

**UNITED STATE DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIAM E. FLORENCE,

            Plaintiff,

    vs.

REALTIME RESOLUTIONS INC;
SHELLPOINT MORTGAGE SERVICING;
STATE FARM BANK; CENLAR FEDERAL
SAVINGS & LOAN; COMMONWEALTH
FINANCIAL SYSTEMS; PLUSFOUR
(SOUTHWEST MEDICAL); SELECT
PORTFOLIO SERVICING; EQUIFAX
INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC,

            Defendants.

Case No.: 2:16-cv-00692-APG-GWF

**STIPULATED ~~[PROPOSED]~~
PROTECTIVE ORDER**

        Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff William E. Florence

("Plaintiff"), and Defendant New Penn Financial, LLC dba Shellpoint Mortgage

Servicing ("Defendant"), by and through their respective counsel of record, hereby

submit this stipulated proposed protective order and request entry thereof.

**I.    GENERAL PROVISIONS**

**A.    PURPOSES AND LIMITATIONS**

        Discovery in this action may involve production of confidential, proprietary, or

private information for which special protection from public disclosure and from use for

any purpose other than prosecuting this litigation may be warranted. Such confidential materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or information implicating privacy rights, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II.    DEFINITIONS

2.1.    **Action**: This pending federal lawsuit, captioned as *William E. Florence v. Realtime Resolutions et al.*, Case Number 2:16-cv-00692-APG-GWF.

2.2.    **Challenging Party**: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    **"CONFIDENTIAL" Information or Items**: Information (regardless of

how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Purpose and Limitations section.

2.4. **Counsel**: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5. **Designating Party**: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6. **Disclosure or Discovery Material**: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. **Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8. **In-House Counsel**: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9. **Non-Party**: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10. **Outside Counsel of Record**: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.11. **Party**: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12. **Producing Party**: A Party or Non-Party that produces Disclosure or

3

Discovery Material in this Action.

2.13.   **Professional Vendors**:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.   **Protected Material**:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15.   **Receiving Party**:  A Party that receives Disclosure or Discovery Material from a Producing Party.

### III.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

### IV.   DURATION

Once a case proceeds to trial, all of the information to be introduced that was previously designated as CONFIDENTIAL or maintained pursuant to this protective order, and which is used or introduced as an exhibit at trial, becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial, with two

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

exceptions:

   1. Any information designated as "CONFIDENTIAL" that is not used or introduced as an exhibit at trial shall remain protected under this Order and be subject to final disposition as set forth under Section 12 (FINAL DISPOSITION).

   2. Should resolution be reached prior to a trial, the terms of the protective order extend up to final disposition of the Action.

## V. DESIGNATING PROTECTED MATERIAL

  5.1. **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, and the Designating Party agrees or the Court orders otherwise, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

  5.2. **Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) to the extent possible.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.  In the alternative, the Designating Party may designate the entirety of the testimony given at the deposition, as well as exhibits, as "CONFIDENTIAL" prior to conclusion of the deposition with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt of the deposition transcript.  Where portions of the testimony are designated for protection, the transcript pages containing Disclosure or Discovery Material may be separately bound by the court reporter with the legend "CONFIDENTIAL" at the top of each such page.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.    **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    **Timing of Challenges**.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.    **Meet and Confer**.  The Challenging Party shall initiate the dispute resolution process under Local Civil Rule 26-7.  Any discovery motion must strictly comply with the procedures set forth in Local Civil Rules 26-7 and 26-8.

6.3.    **Burden**.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    **Basic Principles**.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

only for prosecuting, defending, or attempting to settle this Action.

(a)      Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

(b)      When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL DISPOSITION).

(c)      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    **Disclosure of "CONFIDENTIAL" Information or Items**.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of any Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

2.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

9

protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## XI.    MISCELLANEOUS

11.1.    **Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2.    **Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

1  disclosing or producing any information or item on any ground.  Similarly, no Party

2  waives any right to object on any ground to use in evidence of any of the material

3  covered by this Protective Order.

4      11.3.  **Filing Protected Material**. A Party that seeks to file under seal any

5  Protected Material must comply with Local Civil Rule 10-5.  Protected Material may

6  only be filed under seal pursuant to a court order authorizing the sealing of the specific

7  Protected Material at issue.  If a Party's request to file Protected Material under seal is

8  denied by the Court, then the Receiving Party may file the information in the public

9  record unless otherwise instructed by the Court.

10              **XII.    FINAL DISPOSITION**

11      After the final disposition of this Action, within 60 days of a written request by

12  the Designating Party, each Receiving Party must return all Protected Material to the

13  Producing Party or destroy such material.  As used in this subdivision, "all Protected

14  Material" includes all copies, abstracts, compilations, summaries, and any other format

15  reproducing or capturing any of the Protected Material.  Whether the Protected Material

16  is returned or destroyed, the Receiving Party must submit a written certification to the

17  Producing Party (and, if not the same person or entity, to the Designating Party) by the

18  60 day deadline that (1) identifies (by category, where appropriate) all the Protected

19  Material that was returned or destroyed and (2) affirms that the Receiving Party has not

20  retained any copies, abstracts, compilations, summaries or any other format reproducing

21  or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

22  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

23  hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

24  expert reports, attorney work product, and consultant and expert work product, even if

25  such materials contain Protected Material.  Any such archival copies that contain or

26  constitute Protected Material remain subject to this Protective Order as set forth in

27  Section 4 (DURATION).

28  / / /

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

LEWIS ROCA
ROTHGERBER CHRISTIE

## XIII.   VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  August 25, 2016.

HAINES & KRIEGER, LLC


By _/s/  Jennifer Isso_
David H. Krieger
Jennifer Isso
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123

DATED:  August 25, 2016.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


By _/s/  J Christopher Jorgensen_
J Christopher Jorgensen
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, Nevada 89169

### ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  ___August 29, 2016_____

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury under the laws of the United

States that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the District of Nevada on

_____ [date] in the case of *William E. Florence v. Realtime*

*Resolutions et al.*, Case Number 2:16-cv-00692-APG-GWF.  I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Nevada for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.  I hereby appoint _____ [print or type full name]

of _____

[print or type full address and telephone number] as my agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

13