Bob L. Olson, Esq.
Nevada Bar No. 3783
Charles E. Gianelloni, Esq.
Nevada Bar No. 12747
V.R. Bohman, Esq.
Nevada Bar No. 13075
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: bolson@swlaw.com
       cgianelloni@swlaw.com
       vbohman@swlaw.com
*Attorneys for Defendant
Experian Information Solutions, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM E. FLORENCE,<br><br>Plaintiff,<br><br>v.<br><br>REALTIME RESOLUTIONS INC.; SHELLPOINT MORTGAGE SERVICING; STATE FARM BANK; CENLAR FEDERAL SAVINGS & LOAN; COMMONWEALTH FINANCIAL SYSTEMS; PLUSFOUR (SOUTHWEST MEDICAL); SELECT PORTFOLIO SERVICING; EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No. 2:16-cv-00692-APG-GWF<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed: March 30, 2016 |

IT IS HEREBY STIPULATED by and between Plaintiff William E. Florence ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Experian," and together with Plaintiff, the "Parties"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the Parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

24906458

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any Party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the Party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any Party filing any document under seal must comply with the requirements of Civil Local Rule IA 10-5.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential") shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may

24906458

not be disclosed to any person other than: (a) the Court and its officers; (b) Parties to this litigation; (c) counsel for the Parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the Parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named Parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a Party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in

24906458

the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

11. In the event that any Party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 26-7. If the dispute cannot be resolved, the Party objecting to the designation may seek appropriate relief from this Court. The Party asserting that particular information or documents should be designated as confidential bears the burden of proof to establish that the information is entitled to such protection. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

14. Clawback of Privileged Information: In the event that any Party (the "Discloser") produces material or documents without intending to waive a claim of privilege, the Discloser does not waive any claim of privilege if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other Parties (the "Recipient(s)") of the inadvertent disclosure of privileged items, identifying the material or documents produced and stating the privilege asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege.

If the Discloser asserts that it inadvertently produced privileged items in accordance with this Clawback Agreement, the Recipient(s) must return the specified material or documents and any copies within ten (10) days of the notification. The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

- 4 -

24906458

In the event that the Recipient(s) contends the documents are not subject to privilege as asserted by the Discloser in accordance with this Clawback Agreement, the Recipient(s) may, following the return and destruction described above, challenge the privilege claim through a Motion to Compel or other pleading with the District Court in which the litigation is currently pending. The Parties agree that any review of items subject to this Clawback Agreement by the judge shall be an *in camera* review.

Should the Recipient(s) not challenge the Discloser's claim of privilege, or should the presiding judge determine that the documents are in fact subject to privilege, the documents, or information contained therein or derived therefrom, may not be used in the litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s). Nothing contained within this Clawback Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

15. Post-Production Designation of Confidential Materials: In the event the Discloser produces material or documents intending them to be designated "Confidential," the Discloser does not waive any claim of confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced without the "Confidential" designation, the Discloser notifies all Recipient(s) of the inadvertent disclosure of confidential items, identifying the material or documents produced and stating the produced documents were inadvertently not marked as "Confidential." Mere failure to diligently screen documents before producing them does not waive a claim of confidentiality.

If the Discloser asserts that it inadvertently produced confidential documents not marked as "Confidential," the Recipient(s) must return the specified material or documents and any copies within ten (10) days of the notification. Within ten (10) days of receipt of the returned specified material or documents, the Discloser must mark the specified material or documents as "Confidential" and re-serve them on the Recipient(s). Upon re-receipt of specified material or documents now marked "Confidential," the Recipient(s) must further permanently destroy any electronic copies of such specified material or documents that were inadvertently not marked "Confidential" and affirm in writing to counsel for the Discloser of such destruction.

24906458

DATED this 18th day of October 2016.

| KNEPPER & CLARK LLC | SNELL & WILMER, L.L.P. |
|---|---|
| By:  /s/ Matthew I. Knepper<br>Matthew I. Knepper, Esq.<br>Miles N. Clark, Esq.<br>Suite 170-109<br>10040 West Cheyenne Avenue<br>Las Vegas, Nevada 89129<br>Telephone: (702) 825-6060<br>Facsimile: (702) 447-8048 | By:  /s/ V.R. Bohman<br>Bob L. Olson, Esq.<br>Charles E. Gianelloni, Esq.<br>V.R. Bohman, Esq.<br>3883 Howard Hughes Parkway, Suite 1100<br>Las Vegas, NV 89169<br>Telephone: (702) 784-5200<br>Facsimile: (702) 784-5252 |
| David H. Krieger, Esq.<br>HAINES & KRIEGER, LLC<br>8985 South Eastern Avenue, Suite 350<br>Henderson, NV 89123<br>Telephone: (702) 880-5554<br>Facsimile: (702) 383-5518 | *Attorneys for Defendant Experian Information Solutions, Inc.* |

*Attorneys for Plaintiff William E. Florence*

### ORDER

**IT IS SO ORDERED.**

/s/ George Foley Jr.
UNITED STATES MAGISTRATE JUDGE

DATED this 20th day of October 2016.

24906458

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2016, I electronically filed the foregoing **STIPULATED PROTECTIVE ORDER** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 18th day of October 2016.

_____
An Employee of Snell & Wilmer L.L.P.

24906458

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.
2. My present employer is _____.
3. My present occupation or job description is _____.
4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.
5. I have carefully read and understand the provisions of this Stipulated Protective Order.
6. I will comply with all provisions of this Stipulated Protective Order.
7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.
8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.
9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.
10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

///

///

///

24906458

1  I declare under penalty of perjury under the laws of the United States that the following is
2  true and correct.
3  Executed this ____ day of _____, 2016 at _____.

                                                                                                    QUALIFIED PERSON

24906458